U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

NOV 1 2 2010

TONY R. MOORE, CLERK
BY_____
           DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| JIMMY LEE HODGES | CIVIL ACTION NO: 10-1258 |
| VERSUS | JUDGE DONALD E. WALTER |
| FIRST CHOICE ARMOR AND EQUIPMENT, INC., AND DANIEL E. WALSH | MAGISTRATE JUDGE HORNSBY |

## ORDER

Before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant, Daniel E. Walsh ("Walsh"). [Doc. #5]. Plaintiff did not file an opposition.

### I.   Background Facts

On May 14, 2010, Plaintiff filed suit against Walsh and First Choice Armor and Equipment, Inc. ("FCA") setting forth claims for the recovery of unpaid wages plus penalties and attorney's fees, and breach of an employment contract. [Doc. #1-1, Complaint (herein "Complaint")].

Plaintiff alleges that he entered into an employment contract with FCA and Walsh to provide sales and marketing services of FCA's product line. [Complaint ¶2]. Plaintiff attached a document entitled "Employment Agreement" to his complaint. The contract states that it is effective as of March 17, 2008, and is signed by the Plaintiff and Walsh, as President of FCA. [Complaint, Employment Agreement p. 7]. Plaintiff alleges that he resigned from his previous job and entered into the employment contract based on the "corporate promise of Defendant FCA and the personal promises of Walsh." [Complaint ¶4]. Plaintiff asserts that under the terms of the employment contract he was to paid $250,000.00 per year, and a guaranteed bonus of $100,000.00 when he was hired. [Complaint ¶5]. The bonus was allegedly negotiated between Plaintiff and "Walsh, President

of FCA." [Complaint ¶5]. Plaintiff states that he did not receive the $100,000.00 bonus payment until August 2008. [Complaint ¶6]. Plaintiff asserts that FCA refused to provide a 1099 or W-2 for the signing bonus, which constitutes a breach of the contract. [Complaint ¶9]. Plaintiff alleges that when he insisted on reporting his wages to the IRS he was presented a document entitled "Personal Loan Agreement" and was instructed to sign it, effectively converting the bonus payment to a loan requiring repayment. [Complaint ¶10].

Plaintiff asserts that in April 2009, "Defendant Daniel Walsh, President of FCA" requested that he accept a 15% reduction in his pay for "a couple of months due to ebbing sales." [Complaint, ¶11]. In July 2009, Plaintiff alleges that he was asked to accept a drastic reduction in pay to $90,000.00 per year, at which point he resigned his position with FCA. [Complaint ¶12]. Plaintiff states that after he resigned he made a demand to FCA for payment under the terms of the contract, which was not fulfilled at the time the lawsuit was filed. [Complaint ¶14].

Plaintiff alleges that the failure to pay the wages owed to him is a violation of Louisiana Revised Statute 23:631 and that the defendant[] is liable for penalty wages and attorney's fees in accordance with Louisiana Revised Statute 23:632. [Complaint ¶16]. Plaintiff also asserts that the alleged breach of the employment contract and nonpayment of wages caused him to suffer additional present and future lost wages. [Complaint ¶17].

## II. Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." When considering the motion, a district court "must take factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of plaintiff." *Fernandez-Montes v. Allied Pilots Assoc., et al.*, 987

F.2d 278 (5th Cir.1993). However, the Court "will not strain to find inferences favorable to the plaintiff." *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (internal quotation and citation omitted). A complaint attacked by a Rule 12(b)(6) motion does not need to contain detailed factual allegations; however, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice. *Id.* The plaintiff's obligation is "to provide the grounds of his entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).

The Fifth Circuit has held that to survive a 12(b)(6) motion to dismiss "the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (citing *Twombly*, 127 S.Ct. at 1974). Those "[f]actual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all the allegations in the Petition are true (even if doubtful in fact)." *Id.*

### III. Law and Analysis

Plaintiff seeks recovery for claims under Louisiana law. Specifically, Plaintiff seeks recovery of wages from his employer under Louisiana Revised Statute 23:631, and an award of penalty wages and attorney's fees pursuant to Louisiana Revised Statute 23:632. [Complaint ¶16]. Plaintiff also sues for breach of an employment contract.[1] [Complaint ¶17]. The "Employment Agreement" attached to Plaintiff's complaint contains a choice of law provision that designates the law of North Carolina to govern the agreement. [Complaint, Employment Agreement ¶15]. However, Plaintiff states in his petition that the contract was performed in Louisiana and that the

---

[1] Walsh briefed the Court regarding the dismissal of any tort claims asserted by Plaintiff. The Court notes that Plaintiff did not generally or specifically allege a tort claim against Walsh. Accordingly, the Court will not address this issue.

3

choice of law provision is invalid. [Complaint ¶18]. Walsh addressed the validity of Plaintiff's claims under Louisiana law, while reserving his right to argue in a future motion that law other than Louisiana may apply. [Doc. #5 at 4.] For the purposes of this motion, the Court will address the validity of Plaintiff's claims, as asserted, under Louisiana law.

A. <u>Wage Claims Pursuant to Louisiana Revised Statutes 23:631 and 23:632</u>

Plaintiff asserts wage claims pursuant to Louisiana Revised Statutes 23:631 and 23:632. Section 23:631 imposes an obligation on an employer to pay a former employee the amount due under the terms of employment by the next regular payday or no later than fifteen days after the employee's discharge or resignation, whichever occurs first. An employer who fails to comply with the provisions of 23:631 can be held liable for penalty wages and attorney's fees and costs pursuant section 23:632.

Section 23:631 states: "...it is the duty of the person employing such laborer or other employee to pay the amount then due under the terms of the employment." Louisiana Courts have held that it is the "employer" who is responsible for payment of wages upon the employee's resignation or discharge. *See Boyd v. Gynecologic Associates of Jefferson Parish, Inc.*, 15 So.3d 268 (La. App. 5th Cir. 2009); *Williams v. Dutchtown Pharmacy, LLC*, 24 So.3d 221 (La. App. 1st Cir. 2009).

Plaintiff does not allege in his petition that Walsh was his employer. Rather, Plaintiff repeatedly states that he was employed by FCA, and that FCA failed to pay him in accordance with his employment contract. [Complaint ¶¶4, 6, 9, 14]. Further, Plaintiff does not allege that Walsh personally owed a duty to pay him the amount due under the terms of the employment contract. Accordingly, Plaintiff's wage claims pursuant to Louisiana Revised Statutes 23:631 and 23:632

against Walsh are dismissed for failure to state a claim upon which relief may be granted.

B.      Breach of Contract

Plaintiff also asserts a breach of contract claim against FCA and Walsh. When officers and directors of corporations enter into transactions with third parties within the course and scope of their employment, the law treats them as agents, limiting their personal liability. La. Civ. Code art. 3016. Therefore, under Louisiana law governing mandatories it is generally the principal (the corporation) who is liable to third parties, rather than the agent or mandatary (the officer or director). *Alvis v. CIT Group Equipment Financing, Inc.*, 867 So.2d 102, 104 (La. App. 3d Cir. 2004). An officer or director who contracts in the name of a corporation is only personally liable when he exceeds his authority or personally binds himself to the obligation by expressly promising the performance of the contract. La. Civil Code arts. 3016 and 1977.

Plaintiff alleges that he was recruited to work for FCA and entered into an agreement to work for FCA "upon the corporate promise of Defendant FCA and the personal promises of Walsh." [Complaint ¶4]. The Court notes that Plaintiff did not provide any further elaboration regarding the nature of the alleged personal promises of Walsh, and he did not allege that Walsh personally promised to pay him the $250,000.00 salary and $100,000.00 bonus payment if FCA failed to perform the terms of the contract.

Plaintiff states numerous times in his complaint that Walsh engaged in acts in his capacity as the President of FCA. For example, Plaintiff alleges that the bonus payment was negotiated between himself "and Daniel E. Walsh, President of FCA." [Complaint ¶ 5]. Finally, the Court notes that the contract attached to the complaint states that it is effective between FCA ("the company") and Plaintiff ("the employee"). [Complaint, Employment Agreement at 1]. The contract

5

is signed by Walsh in his capacity as President of FCA. [Complaint, Employment Agreement at 7].

The Court finds that Plaintiff has not plead sufficient factual allegations to raise a claim against Walsh beyond a mere speculative level, even assuming that the allegations in the complaint are true. Plaintiff's single allegation that Walsh made "personal promises" is insufficient to establish that Walsh personally guaranteed that FCA would perform as agreed in the employment contract. Therefore, Plaintiff's breach of contract claims against Walsh are dismissed for failure to state a claim upon which relief may be granted.

### IV. <u>Conclusion</u>

For the reasons stated herein, Defendant's Motion to Dismiss [Doc. #5] is hereby **GRANTED**. Plaintiff's claims against Daniel E. Walsh are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED**, this  12  day of November, 2010.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE